## VENNUM v. BABCOCK *et al.*

1. CANCELING DEFEASANCE: When the maker of a note executed for money borrowed, conveyed to the payee a tract of land by a deed absolute on its face, and received from such payee a bond for a reconveyance, upon the payment of the sum borrowed, of which contract time was made the essence; and at the maturity of the note, it was by agreement of parties delivered to the maker, and the bond was returned to the obligor for the purpose of having both canceled, and with the intent that the title to the land should vest absolutely in such grantee and obligor, it was held, that the parties did not thereafter sustain to each other the relation of mortgagor and mortgagee; and that after canceling the note and bond, the maker of the note had no title to such land.

2. SPECIFIC PERFORMANCE. As a general rule, a party claiming a specific performance of a contract for the sale of real estate, must show his full compliance with all the terms of the contract, and is required to both aver and prove a demand of the deed, and a payment or tender of the money before suit brought.

3. DECREE: A decree ordering the reconveyance of land held under an absolute deed, as security for the payment of a note tainted with usury, should require as a condition precedent to such reconveyance, a payment of the sum actually found to be due to the holder of the note.

*Appeal from Fayette District Court.*

SATURDAY, APRIL 19.

THE material facts are stated in the opinion of the court.

*McClintock* for the appellant.

1. The common law doctrine that a deed absolute on its face can be shown to be, but a mortgage, is not applicable to our statute. Code, sec. 2217; *McCrea* v. *Parmort*, 16 Wend., 460 and 476; *Morris* v. *Nixon*, 1 How., 118. 2. The facts alleged and proved do not show that either of these deeds are mortgages. *Davis* v. *Stevens*, 3 Iowa, 158; *The State of Iowa, ex rel. The Attorney General*, v. *Tilghman*, 6 Id., 496; *Thomas* v. *McCormack*, 9 Dana, 108; 2 Hawks, 423; 4 Ird. Eq., 221; 2 Id., 560; 8 Paige, 243; 18 Wend., 518; 2 Barb. S. C., 28; 2 L. C. in Eq., part 1, 531. 3. The plaintiff must tender and bring into court the amount due. 5 John. Ch., 122; 5 Id., 566; 3 How., 373; 11 Iowa, 31.

No appearance for the appellee.

BALDWIN, C. J.—This cause, as appears from the record, was submitted to the court upon the bill and answer, and the question for our consideration is, whether, independently of the denials in the answer, there is sufficient admitted to justify the court below in rendering a decree for the plaintiff.

It appears that Babcock, the respondent, loaned to

plaintiff a certain sum of money, and as security therefor, the complainant executed to said Babcock, a deed absolute upon its face, for certain real estate. Babcock, however, gave to the complainant a bond, agreeing to reconvey, upon the payment of the money borrowed and interest, time being made the essence of the contract.

The answer of respondent alleges that at the time the note for which said sum so borrowed was given became due, the complainant being unable to pay the same, at his own request and desire, surrendered up said bond to be canceled and destroyed, and that the respondent then and there surrendered said note to said plaintiff, with the full understanding and agreement that both were to be canceled and destroyed, and that the title to said premises was to remain indefeasible in said defendant.

Subsequently to the surrender of this contract, respondent loaned to complainant the further sum of twenty-five dollars, and took his note therefor, and made a new agreement with said complainant to the effect that if complainant would pay to said defendant, at a certain day, the sum thus borrowed, and pay also the sum first loaned, with interest, that respondent would deed to complainant, the premises first sold to defendant. The $25 note was to be paid in any event, without regard to the fulfillment or non-fulfillment of the other conditions of his agreement. The respondent further alleges in his answer, that said agreement was reduced to writing, and placed in the hands of a third person, and was to be regarded as an offer by respondent to sell, and to be executed if the complainant should comply with the terms thus proposed, and that the said agreement was to be given up if complainant failed to comply with the offer of respondent. The respondent further answers, that the complainant having failed to pay said money, the said agreement was delivered up and canceled.

Upon this bill and answer the court found that the respondent, Babcock, did receive the title to said real estate as security, that the contract was usurious, that Templeton purchased with a knowledge of the complainant's equities; and rendered a decree, that Babcock reconvey the lands described in the petition, and that the deed to Templeton be canceled; and also declared the contract usurious, and rendered judgment accordingly. The respondent had judgment in his favor for the sum of money loaned without interest, and without any order to the effect that such judgment should be paid before the respondent should reconvey.

From the case as made by the bill and answer, this decree was erroneous. Treating the deed and bond to reconvey as a mortgage, or as a security for the money borrowed, the complainant having failed to pay according to the conditions of the bond, and having consented to its being given up and canceled, could no longer claim any right to the mortgaged premises. If the complainant bases his equities upon the second agreement with respondent, does he then show himself entitled to the relief prayed for? He seeks virtually to enforce the specific performance of a contract, and without showing any such compliance on his part, with its conditions, as would entitle him to recover. The averment is that he is ready to pay the amount due; but he fails to tender the money, or bring the same into count, or offer to do so; nor does he attempt to give any excuse therefor. As a general rule, a party claiming the specific performance of the contract must show his full compliance with all the terms of the contract, and is required both to aver and to prove a demand of the deed, and a payment or tender of the money before suit brought. *Collins* v. *Vandever*, 1 Iowa, 573.

The decree itself is inequitable. It compels the respondent to reconvey, whether the money due him is paid or

not. It leaves him to make the debt out of the judgment, without an order that the property be subjected to the lien of said judgment.

Reversed.