JAMES R. BAXTER, Appellant, v. WM. C. PRITCHARD *et al.*

Deeds:  SURRENDER OF RIGHT OF REDEMPTION BY PAROL.  A deed absolute in form, though in fact given as security against future liability on account of the grantor, passes the legal title; and the grantor may surrender his right of redemption by parol agreement which will vest the complete titl· in the grantee.

*Appeal from Ida District Court.*—HON. S. M. ELWOOD, Judge.

THURSDAY, FEBRUARY 4, 1904.

THE plaintiff is a judgment creditor of the defendant John R. Pritchard. In January, 1897, John R. Pritchard conveyed certain lands by warranty deed to his codefendant, Wm. C. Pritchard. This is a suit in equity asking that such conveyance be decreed a mortgage only, and that the plaintiff be permitted to redeem therefrom. There was a trial, and a judgment for the defendants. The plaintiff appeals. *Affirmed.*

*Chas. S. Macomber* and *Wm. C. Miller* for appellant.

*Frank H. Gains,* (*J. C. Walters and Gains, Kelby & Storey,* of counsel) for appellees.

SHERWIN, J.—At the time this conveyance was made the land was incumbered for all or more than its market value. There were two mortgages on the land, and a judgment against John R. Pritchard which was a lien thereon. The

deed to Wm. C. Pritchard was in fact given as security against possible future liability on account of the grantor, but in terms it was an absolute deed, and vested in the grantee the legal title to the land. *Richards v. Crawford,* 50 Iowa, 496. No other writing was executed by them, and the vendor's right of redemption, therefore, rested in parol. The evidence is quite conclusive that afterwards, and before the plaintiff obtained his judgment against John R. Pritchard, the latter surrendered to Wm. C. Pritchard his right of redemption and the possession of the land under an agreement whereby the latter assumed the prior incumbrance upon the land and relieved the former from personal liability thereon. This surrender was in parol, it is true, but it has repeatedly been held in this state—and, indeed, it is the general rule—that it may be so made, and that, when so made, the title of the grantee becomes absolute. *Haggerty v. Brower,* 105 Iowa, 395; *Caruthers' Adm'r v. Hunt,* 18 Iowa, 576; *Vennum v. Babcock,* 13 Iowa, 194. There is nothing in the claim that the title was held by Wm. C. Pritchard in trust for other creditors. No such issue was made, and there is no evidence tending to prove it. We also think the plea of former adjudication good, but we need not discuss it, inasmuch as we shall affirm the case on its merits.

The judgment is AFFIRMED.