F. P. WRIGHT ET AL V. H. J. WRIGHT ET AL.

No. 7899. Decided November 15, 1939.
(132 S. W., 2d Series, 847.)

*Newland & Cornett,* of Linden, for plaintiffs in error.

It was error for the Court of Civil Appeals to refuse to sustain plaintiff in error's proposition that where H. J. Wright had accepted $100.00 in cash and a note for $900.00 for his interest in the land and had released that interest to his father, who at the time held the legal title, and that more than four years had passed since the due date of said note, the presumption of law is conclusive that the note had been paid, and it was error for the trial court to submit any issues to the jury as to whether there remained any amount due on said note. McKinney v. Freestone County, 291 S. W. 529; Bank of Washington v. Moore, 296 S. W. 868.

When the title of H. J. Wright rested in parol and could be proved only by parol evidence, it was competent for F. P.

Wright to show by parol evidence a relinquishment of such equitable title. Rebold Lbr. Co. v. Scripture, 279 S. W. 586; Felts v. Bell County, 132 S. W. 123.

*W. B. Chauncey,* of Wichita Falls, for defendants in error.

The cause of action of defendants in error was not one in trespass to try title but was a suit in equity brought to engraft a parol trust upon a deed absolute in form. It was, therefore, necessary for plaintiffs in error to plead any equitable title which they claimed in or to the 100 acres of land in controversy, which they failed to do. Their pleadings being only a general demurrer, a general denial and a plea of not guilty. Packard v. DeMiranda, 146 S. W. 211; Isbell v. Southworth, 114 S. W. 689; Hickman v. Talley, 8 S. W. (2d) 264.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Cass County, Texas, by defendants in error, H. J. Wright and wife, Leone Wright, and they will be designated plaintiffs. It was against F. P. Wright, father of H. J. Wright, and several others, who will be designated defendants.

Plaintiffs' petition was in the nature of trespass to try title to a specific 100 acres, being off the south portion of a 300 acre tract, a part of the Isaac Fishback survey. In addtion to the statutory allegation of trespass to try title, plaintiffs specially pleaded facts showing source of their purported title. As we construe this pleading, it constituted an effort to show a resulting trust, but did not in any manner change the suit from one in trespass to try title to an equitable action for establishing a trust. Prayer was one usually incident to a suit in trespass to try title.

On January 22, 1907, Rob Moore executed and delivered to defendant F. P. Wright a deed to the 300 acres of land mentioned. This deed recited a consideration of $1500.00, of which $600.00 was paid in cash, and the balance of $900.00 was represented by two vendor's lien notes, executed by F. P. Wright, for $450.00 each, bearing 10 per cent interest per annum. It was the contention of plaintiffs that at the time this land was acquired it was understood that the title would be taken in the name of F. P. Wright, but that H. J. Wright would pay one third of the consideration, and would be entitled to the south 100 acres of the tract. It was further contended that H. J. Wright did pay one third of the purchase money, and

for that reason F. P. Wright held the legal title to one third—or the south 100 acres—in trust for H. J. Wright. The jury found that H. J. Wright paid as much as one third of the purchase money, and also found with plaintiffs as to the agreement that he was to have 100 acres of the land. The particular 100 acres sued for was not surveyed until about 1915 or 1916, and while generally off the southern portion of the 300 acres, was not in fact the south 100 acres of the larger tract.

The testimony of defendants, and particularly F. P. Wright, was to the effect that there was no resulting trust, because the agreement for the purchase and sale of the 100 acres was after acquisition of the 300 acres, and that H. J. Wright had nothing whatever to do with the matter until after execution and delivery of the deed of January 22, 1907. A further defense of defendants was that on or about October 21, 1924, after H. J. Wright had abandoned the land as a homestead (as found by the jury), he agreed to relinquish to his father, F. P. Wright, all his interest in the 300 acres of land for a consideration of $1000.00. It is undisputed that F. P. Wright paid to H. J. Wright $100.00 in cash and executed a simple promissory note in the sum of $900.00. This note showed a credit of $624.00, and there was much evidence tending to show payment of the balance. It was insisted by defendants that under Article 5521 of the Revised Statutes of 1925 it would be conclusively presumed that the balance was paid.

The trial court admitted evidence of this transaction, but refused to allow the jury to consider it as tending to prove a relinquishment of the equitable claim of plaintiffs. Apparently, the trial court was of the opinion that plaintiffs had such title as could not be divested by a parol sale, in the absence of full payment of the consideration, with possession and valuable improvements.

■ As the case is presented in this record, we think this was error. The great weight of decision is to the effect that where a party seeks to prove a resulting trust in land by parol evidence, the opposing party may show by parol evidence a relinquishment or abandonment of the equitable right. Rebold Lumber Co. v. Scripture, 279 S. W. 586 (Writ ref.) ; Archenhold v. B. C. Evans Co., 11 Texas Civ. App., 138, 32 S. W. 795; Baxter v. Pritchard, 122 Iowa 590, 98 N. W. 372, 101 Am. St. Rep. 282; Cunningham v. Cunningham, 46 W. Va. 1, 32 S. E. 998; Botsford v. Burr, 2 Johns. Ch. (N. Y.) 405. The reason of the rule seems to be that under a resulting trust the interest

of the beneficiary is primarily the possession of a right of action against the trustee which may be waived or lost in the same manner as any other cause of action.

■ However, under the view we take of the case, it is not necessary to further discuss these matters. It is familiar law that a trust must result, if at all, at the very time a deed is taken and the legal title vested in the grantee. No oral agreement before or after the deed is taken, and no payments made after the title is vested, will create a resulting trust, unless the payments are made in pursuance of an enforceable agreement upon the part of the beneficiary existing at the time the deed is executed. The trust must arise out of the transaction itself. The fundamental idea is that the beneficial title follows consideration, and unless the one claiming the trust has paid the consideration, or become bound for same, at the very time of the making of the deed, no trust is created. Trinity Fire Ins. Co. v. Solether, 49 S. W. (2d) 940 (on Rehearing, affirmed 124 Texas, 363, 78 S. W. (2d) 180); Burns v. Veritas Oil Co., 230 S. W. 440; Arnold v. Ellis, 20 Texas Civ. App., 262, 48 S. W. 883; Parker v. Coop, 60 Texas 111; 42 Tex. Jur., page 642, sec. 39, and authorities cited.

■ It is further true that if a trust is claimed in a part only of a tract of land, based on payment of a part only of the consideration, the amount of the consideration paid must be a definite part of the whole, or for a specific interest, or must be identified with such certainty that a court of equity may be able to determine the trust upon an equitable pro tanto basis. While we might cite a number of authorities on this point we think a brief quotation from the case of Smalley v. Paine, 62 Texas Civ. App., 52, 130 S. W. 739, is sufficient. The Court at page 751 of that opinion said:

"It is true that, when one person has furnished part of the consideration paid for land, title to which is taken in the name of another, such person, by showing the proportional amount of the consideration that was furnished by him, may recover a like proportion of the land. But in this case the proof was not sufficient to enable the court to determine what proportion of the Buttery land was paid for with the Randall tract, because there is no proof of the relative value of the two Buttery tracts, nor of the amount of consideration that was paid to Buttery for the 160-acre tract. Besides, the question of the plaintiff's right to a pro tanto recovery is not presented in her brief."

H. J. Wright did not sign the two vendor's lien notes exe-

cuted in part payment for the 300 acres, and did not bind himself either to the payee in the notes or to his father for part payment of same. It is certain that he could not claim a trust except to the extent of the part payment, if any, which he made of the $600.00 cash consideration. There was no issue submitted to the jury as to what part of the $600.00 was paid by H. J. Wright. The testimony upon this point was wholly insufficient. Being asked if he paid one third of the cash consideration, plaintiff H. J. Wright said: "I could not say whether I paid the whole one third or not." On cross examination, when asked where the $600.00 in cash came from, he testified as follows:

"A. It came from accumulation of some hogs we sold and some crops.
"Q. When did you sell those hogs?
"A. In 1906.
"Q. And what crop years?
"A. Well, from 1906, '07, and also in 1905.
"Q. Who bought the hogs?
"A. My father and me both.
"Q. Did you buy them together?
"A. Yes sir.
"Q. Then you sold them in 1906?
"A. Yes sir, in the fall of 1906.
"Q. Did you realize any profit out of them?
"A. Yes sir, a little.
"Q. Is that part of the money that went in this $600 payment?
"A. Yes sir.
"Q. The crops for '05 and '06, did you help make them?
"A. Yes sir.
"Q. Did that crop money go into the accumulation of this $600?
"A. Yes sir."

However, later he admitted that he lived to himself for the years 1905 and 1906 and made no joint crops with his father. So in the last analysis, it appears that the only part of the $600.00 paid by plaintiff H. J. Wright was such part, if any, which he may have had in money received from the sale of hogs. There was absolutely nothing to show how much he paid in the purchase of the hogs, how many hogs were sold, and what interest, if any, he held in the money received from the sale of such hogs. Nor did he attempt to show what proportion of the $600.00 was accumulated from the sale of hogs and how much, if any, was accumulated from the sale of crops;

—even if he had been entitled to share in the accumulation from the crops. The plaintiffs, therefore, wholly failed to establish a resulting trust to the extent of the full 100 acres sued for, and the evidence was such that a resulting trust could not be declared upon a pro tanto basis. In fact, plaintiffs did not in their pleadings seek to establish a trust upon such basis. Smalley v. Paine, supra.

■ As plaintiffs failed to prove a resulting trust, all questions pertaining to the purported abandonment or relinquishment of the purported equitable title become immaterial. There was ample evidence indicating a parol sale, or gift, of the 100 acres by F. P. Wright to H. J. Wright, followed by possession and valuable improvements. However, such a contract was wholly inconsistent with the claim based on resulting trust, because H. J. Wright persisted in denying the testimony of his father to the effect that there was an agreement, after the taking of the deed, to sell and purchase a part of the land.

As the case must be reversed and remanded for the reasons stated, and because it was tried, to some extent at least, upon a wrong theory, we think it proper to make the following observations; If plaintiffs proceed upon the theory of a resulting trust, the trial court should allow the introduction of parol testimony upon the question of relinquishment of such rights as plaintiffs may show under such theory. If plaintiffs should proceed upon the theory of a parol sale, supported by payment of consideration and the making of valuable improvements, and if it be found that such a sale was consummated prior to the transaction of 1924, then such a title could not be divested by parol, unless the sale back to F. P. Wright was followed by payment of the consideration, supported by possession and valuable improvements. Under the facts as presented in this record, we think that Article 5521 of the statutes was applicable as to any balance upon the $900.00 note. We further suggest that in the event of another trial, in so far as defendants may rely upon the transaction of 1924, they should fully plead all the facts upon which they rely.

The judgments of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded.

Opinion adopted by the Supreme Court November 15, 1939.