LANDON et al. v. BROWN.

No. 6330.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 4, 1954.

Rehearing Denied Feb. 8, 1954.

Snodgrass & Smith, San Angelo, for appellants.

McWhorter, Howard & Cobb, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action brought by Katherine B. Landon, joined by her husband, J. C. Landon, against D. P. Brown to recover one-half interest in certain real estate. Katherine B. Landon will be referred to hereinafter as plaintiff and D. P. Brown as defendant. Plaintiff was the only surviving child of R. L. Brown and Kate Aston Brown. Plaintiff's mother died in the year 1922 intestate and her father, R. L. Brown, died in January of 1948, leaving a will wherein he devised all his property to the defendant, D. P. Brown. Plaintiff was twelve years of age when her mother died and thirty-eight years of age when her father died.

Plaintiff alleged that at the time of her mother's death there was a community estate of the approximate value of $10,000; that her father continued to handle, manage, and control the community property and at no time had he accounted to her for her interest in the case. She alleged that at the time of her father's death real property consisting of Lots seven (7) and eight (8) in Block twelve (12), all in the original town of Muleshoe, Bailey County, Texas, and Lots forty-three (43) to forty-six (46), inclusive, in Block thirty (30), Summit Addition to the City of El Paso, El Paso County, Texas, stood in the name of her father and all of said real estate was held to the extent of an undivided one-half interest therein by the said R. L. Brown as trustee for the plaintiff and that she now owns an undivided one-half interest in said property. Plaintiff's father and mother, at the time of the mother's death, owned as their community property some real estate and personal property in Collin County, Texas. After the death of the mother, R. L. Brown sold said community property and converted the same into cash and moved to Muleshoe, Texas, where he placed this money in a bank. Just what portion of this money was received from the sale of real estate and what portion was from personal property the record does not show.

The defendant denied all the claims of plaintiff and pleaded if plaintiff ever had a cause of action the same was barred by limitations of two years; three years; four years; five years; ten years; and twenty-five years, Vernon's Ann.Civ.St. arts. 5526, 5507, 5527, 5509, 5510, 5519. Defendant further pleaded that R. L. Brown, during his lifetime, instituted a suit in the District Court of Bailey County, Texas, against E. R. Hart et al. in which suit this plaintiff was an intervener for the purpose of recovering title and possession of certain property situated in Bailey County that was community property of R. L. Brown and the deceased mother of this plaintiff. In that case, R. L. Brown lost in the trial court but appealed to the Court of Civil Appeals. In its opinion, which is reported in Brown v. Hart, 43 S.W.2d 274, the Court of Civil Appeals remanded the cause to the District Court insofar as the claims of this plaintiff were concerned. Thereafter, over the objections of R. L. Brown, this plaintiff sold by quitclaim deed all of said property to the said E. R. Hart. This case at bar was tried to a jury and after the plaintiff had presented her evidence the trial court excused the jury and rendered judgment for the defendant. From this judgment the plaintiff (appellant herein) has perfected this appeal.

The trial court in its judgment recited, "After the attorneys for the plaintiffs had announced that they rested their case, the defendant, D. P. Brown, moved the court to instruct the jury to return a verdict in his favor, and the court being of the opinion that there was no controverted question of fact to submit to the jury and disclosed by the evidence, discharged the jury and announced that the court would enter judgment in this case."

The court then rendered judgment granting plaintiff an undivided one-half interest in and to Lots forty-three (43)—forty-six (46), inclusive, in Block thirty (30) of the Summit Addition to the City of El Paso, El Paso County, Texas, then ordered that the

plaintiff take nothing further as against the defendant. The El Paso property was shown to be owned by R. L. Brown and his deceased wife, mother of plaintiff, long prior to her death. The plaintiff's mother having died intestate, plaintiff inherited her mother's one-half interest in the El Paso property.

■■■ R. L. Brown purchased Lot five (5) in Block twelve (12) of the original town of Muleshoe September 16, 1925, for $100 cash and a note for $200. R. L. Brown purchased Lots seven (7) and eight (8) in Block fifteen (15) of the original town of Muleshoe January 20, 1943, for the consideration of $10. From this record it is shown that the plaintiff, over the advice of R. L. Brown, deeded to E. R. Hart the property that R. L. Brown acknowledged belonged to the plaintiff. On February 19, 1936, plaintiff's father wrote to the plaintiff informing her that he had parties trying to get a settlement on some property that she had an interest in and asked her for her wishes in the matter. The plaintiff, however, never thereafter assisted the father in any way in connection with the protection of such property that he had stated belonged to her but deeded the same to E. R. Hart as before stated. The plaintiff's father then wrote her on June 12, 1937, complaining about the plaintiff selling her interest to E. R. Hart and letting her know then that because of her acts in deeding away her property he was going to leave his property to someone else. This letter was sufficient notice to the plaintiff that the father was denying holding any property in trust for the plaintiff, if any trust existed. As to the property in question, not considering the El Paso property, plaintiff did not trace her interest in her mother's estate into this property and show thereby that a trust was created at the time of such purchase of the property by R. L. Brown. As stated in the case of Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847, 849, which opinion was adopted by the Supreme Court:

"It is familiar law that a trust must result, if at all, at the very time a deed is taken and the legal title vested in the grantee. No oral agreement before or after the deed is taken, and no payments made after the title is vested, will create a resulting trust, unless the payments are made in pursuance of an enforceable agreement upon the part of the beneficiary existing at the time the deed is executed. The trust must arise out of the transaction itself. The fundamental idea is that the beneficial title follows consideration, and unless the one claiming the trust has paid the consideration, or become bound for same, at the very time of the making of the deed, no trust is created. Trinity Fire Ins. Co. v. Solether, Tex.Civ.App., 49 S.W.2d 940, on rehearing, affirmed 124 Tex. 363, 78 S.W.2d 180; Burns v. Veritas Oil Co., Tex.Civ.App., 230 S.W. 440; Arnold v. Ellis, 20 Tex. Civ.App. 262, 48 S.W. 883; Parker v. Coop, 60 Tex. 111; 42 Texas Jur. page 642, sec. 39, and authorities cited.

"It is further true that if a trust is claimed in a part only of a tract of land, based on payment of a part only of the consideration, the amount of the consideration paid must be a definite part of the whole, or for a specific interest, or must be identified with such certainty that a court of equity may be able to determine the trust upon an equitable pro tanto basis. While we might cite a number of authorities on this point we think a brief quotation from the case of Smalley v. Paine, 62 Tex.Civ.App. 52, 130 S.W. 739, is sufficient. The Court at page 751 [of 130 S.W.] of that opinion said:

" 'It is true that, when one person has furnished part of the consideration paid for land, title to which is taken in the name of another, such person, by showing the proportional amount of the consideration that was furnished by him, may recover a like proportion of the land. But in this case the proof was not sufficient to enable the court to determine what proportion of the Buttery land was paid for with the Randall tract, because there is no proof of the relative value of the two Buttery tracts,

nor of the amount of consideration that was paid to Buttery for the 160-acre tract. Besides, the question of the plaintiff's right to a pro tanto recovery is not presented in her brief.'"

The Court's holding there was no controverted question of fact to be submitted to the jury will be affirmed and appellants' assignments of error are overruled.

Judgment of the trial court affirmed.