**Michael Wayne BYBEE, Appellant,**

v.

**Rosalie BYBEE, Appellee.**

**No. 2–82–039–CV.**

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 1982.

L.A. Nelson, Denton, for appellant.

Ken R. Davey, P.C., and Tim B. Rhatican, Dallas, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Rosalie Bybee sued Michael Wayne Bybee for divorce and property division. Following judgment, an appeal was taken by the husband limited to portions of the decree concerning the division of the property and debts of the parties. The principal question presented is whether the trial court erred in treating a one-half interest in 25 acres of land as property which was "jointly purchased" by the parties prior to their marriage. We agree that the trial court erred in awarding to the wife a one-fourth undivided interest in the realty. The judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Husband and wife were married on March 10, 1979. Prior to their marriage, on September 9, 1978, Michael Bybee purchased a twenty-five acre tract of land located in Denton County. The purchase price for the land was $28,000.00. The cash down payment was $2000.00, paid as follows: $1,000.00 was paid by Leon Bybee, grandfather of Michael, $800.00 was paid by Michael Bybee, and $200.00 of his future wife's funds were used for the down payment. The balance of the purchase price, $26,000.00, was represented by a promissory note, executed only by Michael Bybee, payable to the vendor.

It is uncontradicted that the deed to the property was taken in Michael Bybee's name only, and that he alone signed the promissory note and thereby became obligated to pay the balance thereof. Of course, based on these two facts alone, the inception of title rule dictates that the property could in no way be characterized as

anything except the separate property of the husband. Tex. Const. art. XVI, sec. 15 (1948); Tex.Fam.Code Ann. sec. 5.01(a)(1) (1975).

On June 23, 1981, the husband gave a deed to his grandfather which conveyed to him a one-half undivided interest in the subject tract. Both parties agree that an undivided one-half interest in the land belongs to Leon Bybee.

Concerning the remaining one-half undivided interest in and to the twenty-five acres, which is the only aspect of the trial court's property division which has been raised as error, the court filed findings of fact and conclusions of law, finding as fact the following:

"Shortly before the parties' marriage, the parties became the joint purchasers and owners of an undivided one-half (½) interest in a 25 acre tract of land located in Denton County, Texas, along with Leon Bybee, who was the joint purchaser of the remaining undivided one-half (½) interest in said 25 acre tract of land, whereby the said Leon Bybee ... is the joint purchaser and owner of an undivided one-half (½) interest in said tract of land, the said ROSALIE BYBEE is the joint purchaser and owner of an undivided one-fourth (¼) interest in said tract of land, and the said MICHAEL WAYNE BYBEE is the joint purchaser and owner of an undivided one-fourth (¼) interest in said tract of land.

"And the Court finds that the Respondent MICHAEL WAYNE BYBEE did not have the said LEON BYBEE's name placed as a joint purchaser on the original Deed to the said 25 acre tract of land and did not have the said ROSALIE BYBEE's name, formerly ROSALIE GILBERT's name placed on the original Deed to said tract of land; and only after the parties separated and the parties divorce suit was filed, did the said MICHAEL WAYNE BYBEE execute a Deed to the said LEON BYBEE for an undivided one-half (½) interest in said tract of land, and the Court finds that the Respondent, MICHAEL WAYNE BYBEE admitted that

the said LEON BYBEE was the joint purchaser and owner of an undivided one-half (½) interest in said 25 acre tract of land and that he and the said ROSALIE BYBEE were the joint purchasers and owners of the remaining undivided one-half interest in said tract of land."

From this, the trial court concluded as follows:

"That ROSALIE BYBEE is the joint purchaser and owner of an undivided one-fourth (¼) interest in and to a 25 acre tract of land located in Denton County, Texas as set out and described in Petitioner's Exhibit II and that MICHAEL WAYNE BYBEE is a joint purchaser and owner of an undivided one-fourth (¼) interest in and to said tract of land, and that LEON BYBEE is the joint purchaser and owner of an undivided one-half (½) interest in said tract of land."

This court must review the case according to Tex.R.Civ.P. 299, which provides that "(w)here findings of fact and conclusions of law are filed by the trial court they shall form the basis of the judgment embraced therein...." Here, the trial court found the parties to be "joint purchasers". The wife's name having not been found on the deed to the acreage, the only theory which could support the trial court's judgment is one based upon the law of trusts, specifically the theory of a resulting trust in favor of the wife. No such specific findings or conclusions have been filed by the trial court, Rule 299 further provides that "(t)he judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court ...."; under this standard, even if a finding of "joint purchase" were to be held to be a finding of an element under the theory of resulting trust, the judgment of the trial court cannot be upheld.

In *Wright v. Wright*, 134 Tex. 82, 132 S.W.2d 847 (1939), the elements of a resulting trust were set out as follows:

"It is familiar law that a trust must result, if at all, at the very time a deed is taken and the legal title vested in the

grantee. No oral agreement before or after the deed is taken, and no payments made after the title is vested, will create a resulting trust, unless the payments are made in pursuance of an enforceable agreement upon the part of the beneficiary existing at the time the deed is executed. The trust must arise out of the transaction itself. The fundamental idea is that the beneficial title follows the consideration, and unless the one claiming the trust has paid the consideration, or become bound for same, at the very time of the making of the deed, no trust is created." *Id.*, 132 S.W.2d at 849.

■ It is undisputed that the parties utilized community funds to make payments on the land; this could not create a resulting trust under a "relation back" theory. There is no evidence of an enforceable agreement upon the part of the wife concerning payments made after the title was vested. The most that can be said is that the wife paid $200.00 towards the down payment on the land. Thereafter, the parties paid for the property with community funds, which simply gave rise to a claim by the wife for reimbursement for such funds expended to enhance the value of Michael Bybee's separate undivided interest in the property, less those expended to enhance the value of her own separate interest, if any.

■ Where a portion only of purchase money is contributed by a person who is not named in a deed, that person's ownership share is represented by the proportion that the contribution bears to the total price. *Wright v. Wright, supra; Wimberly v. Kneeland,* 293 S.W.2d 526 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.). In this case, where the future wife's contribution was $200.00 out of a total purchase price of $28,800.00, the smallest share that she would be entitled to would be a ¹⁄₁₄₄ths undivided interest.

The parties could have orally agreed that they would be entitled to an agreed proportion of interest in and to the property; here, the wife was unable to testify to facts which would support the trial court's conclusion that she was a joint, equal owner with her husband of an undivided one-half of the subject tract. The husband claimed he paid $800.00 towards the $2000.00 down payment; the wife claimed he paid between $600.00 and $1000.00 towards the same. There was no agreed proportion of interest in the realty and hence no evidence upon which equal one-fourth interests could be awarded. *Newton v. Gardner,* 225 S.W.2d 598 (Tex.Civ.App.—Eastland 1949, writ ref'd n.r.e.); *Lanier v. Looney,* 2 S.W.2d 347 (Tex.Civ.App.—Dallas 1928, writ ref'd).

■ The equitable or beneficial title to land follows the consideration which was paid for the same. In order to establish beneficial title in her which was greater than the aforementioned ¹⁄₁₄₄th minimum share, it was incumbent upon the wife to present evidence that she became bound to her (future) husband to pay the balance of the purchase price, *Vicars v. Quinn,* 154 S.W.2d 947 (Tex.Civ.App.—El Paso 1941, no writ), or that she became bound to the vendor of the land to pay the balance of the purchase money, in her claimed proportionate share, before or at the time the land was conveyed to the future husband. *Faglie v. Williams,* 569 S.W.2d 557 (Tex.Civ. App.—Austin 1978, writ ref'd, n.r.e.).

■ Finally, regarding the finding of the trial court which referred to Michael Bybee's admission at trial that he and his wife were co-owners of the remaining one-half interest in the land, the record reflects that after the parties were married (and after the deed to the property had been taken in his name), he told his wife that "she owned the part of my half, half of my half was hers." This single statement at trial, during the course of which Michael Bybee claimed he merely borrowed $200.00 from his future wife for the down payment on the acreage, was in the nature of an oral agreement or assurance made to his wife after the deed was taken. This could not be made the basis for declaring a resulting trust in favor of Rosalie Bybee because the same must arise at the time when title is taken. *Wright v. Wright, supra; Bunnell*

*v. Bunnell,* 217 S.W.2d 78, 81 (Tex.Civ.App. —Waco 1949, no writ).

From the evidence adduced at trial and from our review of the findings and conclusions filed by the court, we hold there to be no evidence to support the trial court's judgment that awarded Rosalie Bybee a one-fourth undivided interest in and to the 25 acres of land. Further, the evidence and the findings and conclusions of the trial court were insufficient to establish a resulting trust in favor of Rosalie Bybee, at least to the extent of her adjudged interest in the land. By these holdings, we may not substitute our opinion for that of the trial court by rendering judgment for Michael Bybee because it is evident that our holdings have otherwise disturbed the overall division of the parties' property incident to their divorce. Remand of the entire cause (except the portion severing the marital bonds of the parties), with trial not inconsistent with this opinion, is hereby ordered.