**Buck WILSON, Appellant,**

v.

**Henry WILLBANKS, Appellee.**

**No. 5724.**

Court of Civil Appeals of Texas.

El Paso.

June 30, 1965.

Rehearing Denied Sept. 15, 1965.

Walker F. Means, Barstow, for appellant.

Johnson & Dionne, Ft. Stockton, for appellee.

FRASER, Chief Justice.

This is an appeal from the 112th Judicial District Court of Pecos County, Texas. The nature of the case as stated by the appellant is correct, by the admission of appellee, and is as follows: Appellee, Henry Willbanks, sued Buck Wilson, appellant, for cancellation of an agricultural lease alleged to be embodied in a written instrument dated April 24, 1963, and for possession of certain real estate and personal property. Appellant, Buck Wilson, by way of cross-action, asserted that a partnership existed between appellant and appellee for the farming, purchase and development of the lands in question and for the purchase of the personal property and equipment;

that the appellee held an undivided one-half interest in said lands, personal property and equipment in trust for the benefit of appellant, and that appellant was entitled to the possession thereof. The district court sustained that part of the appellee's Motion for Instructed Verdict, declaring the lease canceled and terminated, and upon a verdict on special issues upon appellant's cross-action rendered judgment for appellee and against appellant.

The appellant brings up some eleven points of error, his first point claiming error on the part of the trial court in submitting to the jury special issues in the case *solely as to defendant's cross-action, and not upon the main case as pleaded by plaintiff*: (a) the error of the court in sustaining in part plaintiff's Motion for Instructed Verdict; (b) the error of the court in refusing to submit to the jury special issues presenting defendant's alternatively pleaded defenses and theories, presented as defenses to the main cause of action by plaintiff-appellee.

Plaintiff went to trial on his Second Amended Original Petition. In addition, he filed a supplemental petition which sets forth exceptions to various parts of defendant's pleadings and denies defendant's allegation that the lease contract entered into between the parties was entered into as a device and simulated lease for the purpose of showing an apparent or ostensible interest in said lands, personal property and equipment to be in defendant, so that defendant would be better able to obtain financing for farm or farm development purposes. Plaintiff also filed his trial amendment in which he brought to the court's attention two affidavits by appellant, one to the effect that a Mr. L. B. Looney transferred to appellant his interest in a certain lease on part of the property executed by E. L. Traylor and Candelario Carrasco; also, that he (the appellant) did not hold any interest or title in the lands because the said lease became void by its own terms; and he, the appellant, understands "that the record title in and to said

premises is now vested in Henry Willbanks." The other affidavit executed by appellant covers the other tract of land in controversy, where the original lease was executed by one James Lee Stephens, then assigned to L. B. Looney, and by him assigned to appellant. According to the record, these leases carried with them the option on the part of the lessee to buy the land, and that is apparently what appellee in this case did. These affidavits were executed several months before the suit was filed. As we proceed in the consideration of this case, it must be remembered that, according to the record, appellant had leases on the personal and real property herein involved, which he transferred to appellee, after which the parties entered into the five-year lease here in controversy.

Plaintiff's Second Amended Petition, as set forth in the transcript, contains the following statements and allegations: That appellee, Henry Willbanks, is the owner of the soil and surface of the land involved in this controversy; that plaintiff (appellee) as lessor entered into a written contract with the defendant (appellant) as lessee wherein he leased appellant the land described in said petition, and certain wells, equipment and personal property, for a five-year period beginning January 1, 1963; that defendant, as lessee, agreed in such contract to deliver to the lessor, as rent for the premises, one-fourth of all cotton raised on said premises and one-third of all feed raised and/or grazed on said premises during the term of the lease, and in case lessee retains such feed he is allowed to pay lessor the value of same; that defendant has not paid plaintiff any crop rental for the year 1963, has not grown any crops at all on the land, has not kept the improvements in a good state of repair, and has not farmed such land in a good and farmerlike manner as provided in the lease, and has completely failed to perform his obligation under such contract or lease; that it was provided that lessee's obligation under the lease should stand as a lien on any property that he might have on the premises; that

any time during the term of the lease lessor may declare the lease at an end and thus terminate the lease if lessee shall, after ten days' notice, be in breach or default of the terms of the lease; that plaintiff gave defendant written notice that he had declared the lease at an end, and did so by filing this suit on February 21, 1964; and sets forth that the petition filed on that day contained the statement that the plaintiff had declared the lease at an end "and Plaintiff has, and does hereby now cancel such lease and demands the possession thereof from the defendant"; that plaintiff-lessor owns all of the irrigation wells and their equipment on the land, and other large amounts of personal property described in exhibits attached to the petition, and asks for an injunction and restraining order to protect such property. In his prayer, plaintiff asks that the temporary injunction heretofore issued, restraining defendant from removing from the premises any of plaintiff's personal property and the property described in the exhibits attached to the petition be continued in force until final judgment is entered in this cause; also, that plaintiff have judgment decreeing that the lease between plaintiff and defendant on plaintiff's land and personal property be canceled and terminated, and plaintiff be given possession of the real and personal property, free and clear of any claims of defendant, and for costs and other relief.

Plaintiff filed a motion at the close of the evidence for an instructed verdict asking the court to hold that the lease be adjudged terminated February 21, 1964 and, inter alia, that defendant be precluded from having issues submitted alternatively to the effect that if he was not a half-owner as a partner, then, as lessee, he was in lawful and rightful possession of the premises and property herein concerned.

The court granted the first part of the motion, but declined to instruct a verdict that defendant take nothing by his cross-action wherein he asserts that he is entitled to and is the owner of one-half of the property involved. The court's order states as follows: "That portion of Plaintiff's said motion praying for judgment declaring the written lease dated April 24, 1963, from Plaintiff, Henry Willbanks, as Lessor, to Defendant, Buck Wilson, as Lessee, to be canceled and terminated as of February 21, 1964, *and praying* * * *" (emphasis ours) (then setting out other requests or prayers by the plaintiff), " * * * is hereby granted * * *". It is therefore obvious that this order, granted after all the evidence was in, although containing other matters, is, as it recites, an instructed verdict to the effect that the lease between the parties was terminated and canceled February 21, 1964. As we have pointed out above, plaintiff alleges that this notice of cancellation was accomplished by the filing of his petition on that date. Such petition, as set forth above, alleges and states that lessee-appellant failed to pay rental, and to operate the premises, in a farmerlike manner, etc., and therefore appellee-lessor was declaring the lease terminated and canceled as of February 21, 1964.

Because of these matters, as set forth above, we have examined the entire Statement of Facts, consisting of 431 pages, as well as the rest of the record, and it is immediately obvious that there is testimony both for and against the allegations in plaintiff's petition relative to the matters dealt with in the instructed verdict cancelling and terminating the lease. There were several witnesses, including the appellant, who testified that the premises were cultivated or farmed in a farmerlike and proper manner. Witnesses for lessor-appellee testified to the contrary. Because of the allegations in plaintiff's petition (which he says is the notice of termination) and the testimony, there were, in our opinion, controverted material fact questions before the court and jury. We do not believe, therefore, that the trial judge was correct in instructing a verdict to the effect that the lease was terminated on February 21, 1964, and we believe and hold that these

particular matters, as the controversy stood before the court, should have been submitted as fact issues to the jury, and should not have been decided and resolved by the judge. There are many authorities passing on the elements necessary to justify an instructed verdict, and in the case of Neigut v. McFadden, 257 S.W.2d 864 (Tex.Civ. App., n. r. e.), the court points out that there is an anology between the evidence justifying an instructed verdict and that which justifies a summary judgment. The opinion in that case cites the case of Air Conditioning v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, wherein our Supreme Court states:

"The courts of this State have repeatedly held that it is error to instruct a verdict when the evidence raises any material issue. In passing upon the question of the authority of the trial court to instruct a verdict, as was done in this case, the evidence must be considered most favorably in behalf of the party against whom the verdict is instructed. A peremptory instruction is warranted only when the evidence is such that no other verdict should be rendered. If there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury. White v. White, 141 Tex. 328, 172 S.W.2d 295; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725."

The plaintiff always has the burden of alleging and proving grounds sufficient to entitle him to judgment or recovery. That burden was on the plaintiff here, and by the terms of his own petition he was obligated to prove that appellant had breached the terms of the lease. These matters or facts according to the record here became material fact questions and, in our opinion, should have been submitted to the jury. We believe that it was indispensable to plaintiff's lawsuit as pleaded that he allege and prove that appellant had breached the terms of the lease, in order to authorize the cancellation and termination thereof.

We do not pass on the adequacy or legality of appellant's proffered issues, as we do not believe the plaintiff here sufficiently discharged the burden of alleging and proving facts necessary to entitle him to the instructed verdict he received. By this, we mean there was no proper disposition of indispensable fact questions.

The only issue answered by the jury related to appellant's plea and cross-action, to the effect that he and appellee were actually partners, and this question was answered adversely to appellant. Because of the adverse answer to this question—to-wit, no partnership existed—and because the court had instructed a verdict to the effect that the lease was canceled, the judgment was entirely in favor of plaintiff.

We sustain appellant's first point of error.

Appellant also presents a point of error stating that the court erred in denying his motion for continuance. While we do not pass on this matter at this time, as we believe the case is disposed of as stated above we should like to observe that the record in this case consists of a Statement of Facts of 431 pages, a fairly voluminous transcript, and a voluminous set of exhibits including many documents, canceled checks, notes and photographs. Plaintiff's Second Amended Petition shows it to have been filed in the afternoon of March 5, 1964, approximately thirteen days before trial. The Statement of Facts shows that the jury was selected and the trial of this case began on March 18, 1964 which is, of course, less than a month from the date that plaintiff initiated this lawsuit. It seems to us, because of the multiplicity of issues involved in this controversy and the size of the record, that the defendant (represented here by one attorney, not a firm) would be hardput to adequately prepare and defend himself.

Because, as we have stated above, it was the burden and obligation of the plaintiff to plead and prove the lease and the breach thereof, and because the question of the alleged breach or breaches of said lease became, as evidenced by the record, contested, controversial and essential matters of fact, we believe that error was committed in granting an instructed verdict. Regardless of what defendant pleaded or did not plead, plaintiff still had the burden, in the absence of defendant's admission of liability, of pleading and proving his lawsuit. Here, we think there were fact matters involved, and the court wrongfully excluded same from consideration by the jury.

Appellant's first point having been sustained, we do not pass on appellant's remaining points, as we think our holding on the first point is decisive of the appeal.

The judgment of the trial court is accordingly reversed and the case remanded.