Buck WILSON, Appellant,

v.

Henry WILLBANKS, Appellee.

No. 5889.

Court of Civil Appeals of Texas.

El Paso.

July 26, 1967.

Rehearing Denied Sept. 6, 1967.

Walker F. Means, Barstow, for appellant.

Johnson & Dionne, Hart Johnson, Ft. Stockton, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a second trial of a case originally brought by appellee, as plaintiff, to cancel a written farming lease on the ground that appellant had not farmed the land in a good and farmerlike manner as required by the terms of the lease. Appellant filed a denial and cross-action alleging that he owned an undivided one-half interest in the land and farm equipment by reason of a partnership agreement between the parties, and that appellee held an undivided one-half interest in such lands and equipment in trust for the benefit of appellant. On the first trial, the trial court granted a directed verdict on the issue of cancellation of the farming lease and, upon a verdict on special issues found by the jury, rendered judgment for appellee on appellant's cross-action concerning the partnership. This court reversed and remanded (393 S.W.2d 649), holding that the instructed verdict was improper in that a fact issue was presented for the jury on the question of the breach of the farming lease. On the trial from which this appeal is taken, a single issue was submitted to the jury, and it found that appellant had failed to farm the land in a good and farmerlike manner. Prior to this trial, appellee had amended to include a count in trespass to try title, and appellant again asserted his cross-action. The trial court instructed a verdict as to the cross-action and entered a judgment canceling the lease and awarding appellee title to and possession of the land and equipment. We affirm.

The background of this litigation is that appellant Wilson previously held written leases, with an option to purchase

on the land and equipment in question, which he assigned to appellee Willbanks, who exercised the options of purchase and obtained deeds and bills of sale. By written instrument dated April 24, 1963, Willbanks leased such land and equipment to Wilson for a term of years with an option to purchase. It was for cancellation of this lease that the suit was originally filed. By the terms of the lease Wilson was to farm the land and pay therefor one-fourth of the cotton crop and one-third of other crops as rent. By a provision of the lease he was obligated to farm the land in a good and workmanlike manner with the use of all his skills and his full ability. The jury found that Wilson did not meet his obligation in that regard, and such finding is supported by the evidence, so that the trial court was correct in declaring the lease canceled. In arriving at this conclusion, we have followed the familiar rules that in passing on "no evidence" points, only that evidence which supports the finding is considered, and in passing on sufficiency, or weight and preponderance, of the evidence, all evidence bearing on the finding is considered. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

■ The trial court properly granted appellee's motion for instructed verdict in awarding him title and possession of the land in question. Appellee pleaded trespass to try title and made out a case of record title which entitled him to such judgment. His documentary evidence included assignments to him by appellant of options to purchase; the exercise of that option by duly recorded deeds to the realty and bills of sale to the farming equipment in appellee's name as sole grantee; mortgage liens for the purchase price executed by appellee as owner to third parties; two affidavits by appellant stating that he owned or claimed no interest in the property; and the farming lease executed by appellee as owner and appellant as lessee. Appellant offered no evidence of any record title in himself or to refute the record title exhibited by appellee. It is stated in Portman v. Earnhart, Tex.Civ.App., 343 S.W.2d 294, ref., n.r.e.:

"The spirit of the registration laws is antagonistic to title by inquiry, reputation, hearsay or other character unless the ends of justice and common honesty requires recognition of a title outside the records which the State has provided for prudent purchasers. Strong v. Strong, Tex.Com.App., 128 Tex. 470, 98 S.W.2d 346–348, 109 A.L.R. 739."

The record reflects that during the crop year 1962 the parties hereto farmed the land in partnership, and appellant, by his cross-action, maintains that it was purchased by them as partners, but that the deeds were taken in appellee's name in order to obtain financing, and therefore appellee holds one-half of the land in trust for him. To establish his equitable title to one-half of the land, appellant offered oral testimony and documents consisting of canceled checks and notes by the partnership and evidence of a joint bank account. This and other documentary evidence offered was excluded by the trial court, and all is before us in appellant's bill of exceptions. A careful examination of this evidence, and the testimony offered in explanation of it, leads to the conclusion that it was properly excluded as not being the proof allowed or proper to establish a title outside of the record title. Appellant says that the excluded evidence establishes a resulting trust in favor of him. A resulting trust is created by the payment of consideration at the very time of the purchase transaction, or by the claimant binding himself at that time to pay in the future. As said in Bunnell v. Bunnell, 217 S.W.2d 78, at page 82:

"In the case of Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847, 849, points 4–5, opinion by Commission of Appeals, in

speaking of a resulting trust, it held: 'It is a familiar law that a trust must result, if at all, at the very time a deed is taken and the legal title vested in the grantee. No oral agreement before or after the deed is taken, and no payments made after the title is vested, will create a resulting trust, unless the payments are made in pursuance of an enforceable agreement upon the part of the beneficiary existing at the time the deed is executed. The trust must arise out of the transaction itself. The fundamental idea is that the beneficial title follows consideration, and unless the one claiming the trust has paid the consideration, or become bound for same, at the very time of the making of the deed, no trust is created.' "

None of the proffered evidence coincides with the date of purchase of the lands in question, and none shows any payment by appellant on the purchase price, nor any obligation on his part to pay thereon in the future.

■ Appellant says the agreement entered into by the parties on April 24, 1963 shows a partnership. An examination of such instrument shows it to be a landlord and tenant arrangement for production of agricultural products in much the usual terms of such an arrangement, except for one paragraph regarding the application of any balance of profits to the purchase price. It is this paragraph which appellant urges as showing a partnership, while urging the rule of law that the instrument must be construed within its four corners. There are no pleadings justifying any other construction, and as so construed it is a lease of land and equipment for a term of years, with an option to purchase. It recites that appellee is the owner and appellant is lessee, and it was so executed by each. It does not contain the elements of a partnership agreement.

We have reviewed all assignments of error, and finding no reversible error, the judgment of the trial court is affirmed.