Rafael Noel VILLARREAL, Appellant,

v.

Ludivina V. VILLARREAL, Appellee.

No. 1732.

Court of Civil Appeals of Texas, Corpus Christi.

May 21, 1981.

Rehearing Denied June 18, 1981.

Michael B. Sheehan, Nicolas, Morris & Barrow, Corpus Christi, for appellant.

Larry J. Adams, Giles, Adams & Pate, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of the property division in a divorce decree. The central issue is whether the home occupied by the parties during their marriage was the separate property of appellant, Rafael Noel Villarreal, or the community property of the appellant and the appellee, Ludivina V. Villarreal. The trial court ordered the home to be sold and the proceeds thereof to be first applied to pay off the purchase money mortgage, the improvement loans, and the paving liens, with the remainder to be divided equally between the parties. We hold that the real property was the separate property of the appellant and not subject to divestiture. Accordingly, we reverse and remand in part.

In dividing the proceeds from the court ordered sale of the property equally between the parties after the payment of all related debts, the trial court presumably determined that the house was an asset of the community estate. No findings of fact or conclusions of law were filed by the trial court, however, establishing the character of the homestead. Certain well settled principles guide our review of the property division in a divorce decree to determine whether the division is just and right under the Tex.Family Code Ann. § 3.63 (1975).

The trial court is vested with wide discretion in dividing the property between the parties upon divorce. The trial court's division of the property will not be changed upon review unless there is a clear abuse of discretion. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.Sup.1976); *Tarin v. Tarin*, 605 S.W.2d 392, 394 (Tex.Civ.App.—El Paso 1980, no writ). A divestiture of the real property of one spouse by giving fee to the other would amount to an abuse of discretion. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.Sup.1977); *Cameron v. Cameron*, 608 S.W.2d 748 (Tex.Civ.App.—Corpus Christi 1980, writ pending).

Under the inception of title doctrine, the character of property, whether separate or community, is fixed at the time of acquisition. *Henry S. Miller Company v. Evans*, 452 S.W.2d 426, 430 (Tex.Sup.1970); *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949); *Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328, 334 (1943); *Bell v. Bell*, 593 S.W.2d 424, 426 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Even though trial courts have broad discretion in the division of marital property, this discretion does not extend to taking of fee to separate property of one spouse and its donation to the other. *Eggemeyer v. Eg-*

*gemeyer,* supra; *Buchan v. Buchan,* 592 S.W.2d 367 (Tex.Civ.App.—Tyler 1979, writ dism'd). Therefore, if at the inception of title the homestead property was in the husband's separate estate, the trial court abused its discretion by treating the property as the community property of both husband and wife.

In the case before us, appellant husband acquired the property by deed on May 1, 1972, which recited that the property was conveyed to "Noel Villarreal, a single man." The ceremonial marriage between the parties took place several weeks later on June 24, 1972. Under the inception of title doctrine, the property was clearly the separate property of the husband. The trial court abused its discretion by characterizing the property as belonging to the community estate by awarding the wife one-half of the net proceeds of the sale thereof.

The issue of right of reimbursement to the community estate for monies it expended to improve the property and any advances made from community funds to purchase the house was not resolved by the trial court. The assessment of the amount of reimbursement due the community estate as a result of the improvements made and/or funds advanced towards purchase of the property is based on well-settled tests. The test for establishing a right of reimbursement for improvements made is the enhancement value to the property. *Lindsay v. Clayman,* 151 Tex. 593, 254 S.W.2d 777, 781 (1952); *Buchan v. Buchan,* supra; *Trevino v. Trevino,* 555 S.W.2d 792 (Tex. Civ.App.—Corpus Christi 1977, no writ); *Girard v. Girard,* 521 S.W.2d 714, 718 (Tex. Civ.App.—Houston [1st Dist.] 1975, no writ). The community estate is also entitled to reimbursement for funds expended to purchase the property or to reduce the indebtedness. *Colden v. Alexander,* supra; *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620 (1935); *Pruske v. Pruske,* 601 S.W.2d 746 (Tex.Civ.App.—Austin 1980, writ dism'd).

To determine the amount of reimbursement, competent evidence must be presented that establishes enhancement value and the amount of advances. The record of this case lacks sufficient evidence to make this determination. In the absence of such competent evidence, we hold that the trial court could not have made a "just and right" division of the parties' estate. Both of appellant's points of error are sustained.

Aside from the appellant's arguments about divestiture of title to separate realty and reimbursement, the appellee contends that the trial court's judgment should be affirmed on the resulting trust doctrine. In other words, according to the appellee, the appellant bought and held title to the home in trust and for the benefit of the community estate. In that regard, the rules to be followed by us are set out in *Wright v. Wright,* 134 Tex. 82, 132 S.W.2d 847, 849 (1939) as follows:

"It is familiar law that a trust must result, if at all, at the very time a deed is taken and the legal title vested in the grantee. No oral agreement before or after the deed is taken, and no payments made after the title is vested, will create a resulting trust, unless the payments are made in pursuance of an enforceable agreement upon the part of the beneficiary existing at the time the deed is executed. The trust must arise out of the transaction itself. The fundamental idea is that the beneficial title follows consideration, and unless the one claiming the trust has paid the consideration, or become bound for same, at the very time of the making of the deed, no trust is created."

Therefore, since the appellee paid no part of the cash down payment to buy the house, executed no notes or other instruments evidencing the debt, and obligated herself in no way to discharge the debt, then we hold that no resulting trust arose out of the transaction. See *Wilson v. Willbanks,* 417 S.W.2d 925 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.).

Under Rule 434, T.R.C.P., that portion of the judgment dividing the property of the parties is reversed, severed and remanded to the trial court for a new trial on that

issue. The remainder of the judgment is affirmed. The costs of this appeal are taxed one-half to each of the parties.

NYE, C. J., not participating.