**Adell MAXIE, Jr., Appellant,**

v.

**Doris MAXIE, Appellee.**

**No. 01–81–0443–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 1982.

John E. Sherman, Houston, for appellant.

Kenneth L. Smith, Houston, for appellee.

Before EVANS, C. J., and BASS and WARREN, JJ.

BASS, Justice.

In contemplation of his marriage to the appellee, the appellant purchased, on November 22, 1966, a home located at 5103 Kingsbury, Houston, Texas. The appellee gave the appellant $300.00 of her separate money at this time, and she contends that the money was part of the $800.00 down payment. The appellant contributed $100.00 of his own money. The remaining $400.00 was paid with the proceeds of a loan. The property was deeded to the appellant only as a single man. The appellant and appellee were married on December 17, 1966, and twenty-six days after the property was purchased.

The appellee testified that the appellant had agreed to purchase the property as their marital home; that her earnings were commingled in the couple's joint checking and savings accounts; and that part of her monthly salary was used to make the monthly mortgage payments on the home.

The appellant admitted that prior to the purchase of the home, the appellee gave him $300.00 which he put in his checking account and that he later wrote a check from this account for $400.00 to cover part of the down payment.

The jury, by answers to special issues, found: that the appellant had purchased the property located at 5103 Kingsbury before his marriage to the appellee; that the appellant had acquired the property as an implied constructive trust for the joint and mutual benefit of himself and his wife-to-be; and that the appellant had intentionally implied or represented to the appellee that if she would advance the money to the appellant he would use the funds for the house and lot at 5103 Kingsbury as their marital home. Based upon the jury's findings, the court awarded the property located at 5103 Kingsbury to the appellee as her sole separate property. The judgment dated the 18th day of August, 1981, awarded the property at 5103 Kingsbury, Houston, Texas, to the appellee and the property at 8417–8427 Magna, Houston, Texas, to the appellant. The judgment had the additional language, after the property award, as follows, "Agreed upon on June 1, 1981, by Doris Maxie and Adell Maxie, Jr." The judgment is approved as to form only by the attorney for both the appellant and the appellee, and it appears that the judgment was entered by the court on this basis, thus any divestiture was made by agreement rather than by the court. The appellant was also awarded all community cash in the First City National Bank of Houston, Texas, in the McGregor Park National Bank of Houston, Texas, and in the King State Bank of Houston, Texas. The evidence shows that the appraised value of the house, apartments and lots was $84,500.

The appellant received the apartments which were appraised at $60,000 less a debt of $18,000 for a net value of $42,000.00. Before the divorce he had taken cash, C. D.'s and stock worth $31,196.00. The appellant received property valued at $73,196.00.

The appellee received the house which was appraised at $40,000.00 less the debt remaining thereon, a lot appraised at $2,500.00 and her credit union account and retirement account of $21,028.76. The appellant received $63,528.76 less the debt remaining due on the house which she had to assume. The court denied the appellant's motion for judgment notwithstanding the verdict.

The appellant's sole argument on appeal is that the trial court erred as a matter of law in denying the appellant's motion for judgment notwithstanding the verdict because the appellant had been divested of his separate property.

The appellant relies upon the authority of Villarreal v. Villarreal, 618 S.W.2d 99 (Tex. Civ.App.—Corpus Christi 1981, no writ), to support his argument. In the Villarreal case, the husband had purchased a home "as a single man," several weeks before his marriage. The court held that under the inception of title doctrine the home was the husband's separate property, and that the trial court had abused its discretion in characterizing the home as community property and awarding one-half of the its sale to the wife. The court noted that the wife had contributed no part of the cash down payment to buy the house, executed no notes or other instruments evidencing the debt, and obligated herself in no way to discharge the debt. The court held that it could not, therefore, be assumed that the husband had bought and held title to the home in trust and for the benefit of the community estate. The wife could claim no interest in the property as the res of a resulting trust.

The present case is distinguishable from the Villarreal case. The evidence shows that the appellee contributed $300.00 toward the down payment on the couple's home, so that the appellee's funds were invested in the property from the inception of title. There was also evidence from which the jury could find that a purchase money constructive trust had been created for the benefit of the appellee. The jury by special issues found a constructive trust for the benefit of the appellee. For cases in which the courts have imposed a constructive trust for the benefit of a spouse or the community estate, see Cohrs v. Scott, 161 Tex. 111, 338 S.W.2d 127 (1960); Ford v. Simpson, 568 S.W.2d 468 (Tex.Civ.App.—Waco 1978, no writ). Bell v. Smith, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ).

The appellant requested no issues to support a judgment that the property was his separate estate.

■ A judgment non obstante veredicto may be rendered by the trial court only in a case where a directed verdict would have been proper. Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954). Tex.R.Civ.P. 301.

The appellant, contesting the denial of the motion for judgment notwithstanding the verdict, raises only a "no evidence" point. To determine whether an instructed verdict is proper, the court must view the evidence in the light most favorable to the losing party:

[It] must indulge against the instruction every inference that may properly be drawn from the evidence. And, if the record reflects any testimony of probative force in favor of the losing parties, [it] must hold the instruction improper. A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. (Citations omitted).

White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943).

■ A substantial amount of evidence was presented which favored the appellee's position that the appellant had purchased the legal title to the home for the appellee under a purchase money constructive trust and as a marital home for the appellant and

appellee. The judgment award appears to make due reconciliation of the assets of the parties and to balance the interests of all parties. Based on this evidence, the trial court properly overruled the appellant's motion for a judgment notwithstanding the verdict.

The appellant's point of error is overruled. The trial court's judgment is affirmed.