**John L. GERAMI, Appellant,**

v.

**Charlene Elizabeth GERAMI, Appellee.**

**No. C14–82–809CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 12, 1984.

James C. Brady, Law Offices of James C. Brady, Galveston, for appellant.

Leslie C. Dean, George D. Martin, Martin, Carmona, Cruse & Hicks, Galveston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

■ Appellant John L. Gerami sued appellee Charlene Elizabeth Gerami for a divorce. Appellee cross-acted for a divorce. Following a bench trial the court granted a divorce and ordered a division of the estate of the parties. As one part of the property division the court ordered the parties' homestead to be sold and awarded to appellee one-third of the net proceeds from such sale and to appellant two-thirds of such net proceeds. Appellant appeals from that portion of the decree, contending in one point of error that the trial court erred and abused its discretion by ordering such sale and division of the proceeds because under the undisputed evidence the homestead was the separate property of appellant. We sustain appellant's one point of error and reverse that portion of the judgment pertaining to the division of the properties of the parties and remand the case to the trial court for further proceedings consistent with this opinion.

■ The parties agree that the real property in question, a house and lot located at 1125 Second Street, LaMarque, Galveston County, is appellant's separate property, having been purchased by appellant prior to his marriage to appellee. The undisputed evidence showed that payments made during the marriage of appellant and appellee on the purchase money note reduced the principal of the mortgage debt by the amount of $1,346.14. Such payments, however, did not change the character of the property. It remained the separate property of appellant, and under *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977) the trial court could not divest appellant of his title thereto. Appellee recognizes the authority of *Eggemeyer* but contends that case is not controlling because in the instant case the trial court did not undertake to divest appellant of his title and award it to appellee but instead ordered a sale of the property and a division of the proceeds. Appellee relies on and contends that the case of *Mogford v. Mogford*, 616 S.W.2d 936 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.) is directly on point. In our opinion *Mogford* is not at all on point. There, Lorenzo Mogford owned as his separate property an undivided interest in 320 acres of land; and the remaining undivided interest was owned as community property by Lorenzo Mogford and his wife. The trial court in *Mogford* ordered a sale of the property and awarded to Lorenzo Mogford

all of the proceeds from the sale of his undivided separate property interest and one-half of the proceeds from the sale of the undivided community property interest. The San Antonio Court of Civil Appeals affirmed, holding the trial court had the power to *partition* the property either in kind or, finding no equitable manner by which to partition in kind, by sale. *Mogford* is an entirely different situation from the one presented here, where appellee does not own any undivided interest whatsoever in the property. There is no way the partition rules applied in *Mogford* could be used here to justify a sale of appellant's separate property and the award to appellee of a portion of the proceeds of such sale.

Appellee also contends that appellant's reliance on *White v. White,* 590 S.W.2d 587 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) and *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ) is misplaced because those cases involved divestiture of title to a husband's separate property and the award thereof to the wife. We believe this argument by appellee is unsound. Appellee concedes that the case of *Villareal v. Villareal,* 618 S.W.2d 99 (Tex.Civ.App.—Corpus Christi 1981, no writ) is on all fours with the case at bar but contends that the decision in *Villareal* is wrong. We disagree with appellee. On facts strikingly similar to those presented in the instant case, the Corpus Christi Court of Civil Appeals, in a well-reasoned opinion by Associate Justice Young, held that the trial court abused its discretion by ordering sale of the husband's separate property homestead and the equal division between the husband and the wife of the net proceeds of such sale. The decision in *Villareal* is a logical and sound application of the *Eggemeyer* rule to the facts of *Villareal.* We follow *Villareal* and hold that the trial court in the instant case erred in ordering the sale of appellant's separate property homestead and in awarding appellee any portion of the proceeds of such sale.

We note, however, that appellee in her pleadings requested the court to set aside the homestead in question for her exclusive use until the youngest child of the marriage attains her majority. The court below had the authority to set aside such property for the exclusive use of appellee, *Eggemeyer v. Eggemeyer,* 535 S.W.2d 425 (Tex.Civ.App.—Austin 1976), affirmed 554 S.W.2d 137 (Tex.1977); *Bush v. Bush,* 237 S.W.2d 708 (Tex.Civ.App.—Amarillo 1950, no writ). The trial court did not rule on appellee's request because it ordered the property sold.

With respect to the division made by the trial court of the properties of the parties, other than the separate property homestead in question, we are unable to determine whether the trial court would have made the same or a different division had it not ordered sale of the homestead and division of the proceeds. Therefore, we reverse this case as to the overall division made by the trial court of all of the properties of the parties, and we sever that part of the case and remand it to the trial court for a new trial on the question of the appropriate division of the properties of the parties and the claim of appellee that the separate property homestead of appellant should be set aside for her exclusive use during the minority of the youngest child of the parties. In all other respects the judgment of the court below is affirmed.