AFFIRM; Opinion issued December 13, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

No. 05-11-00648-CV

_____

KAY MOTLEY, Appellant

V.

THOMAS D. MOTLEY, Appellee

On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-52578-2010

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

This is an appeal from a judgment making a property division incident to the divorce of Kay Motley and Thomas D. Motley. Appellant Kay Motley challenges the trial court's judgment claiming the trial court abused its discretion in making its award. Concluding that appellant failed to establish reversible error on the part of the trial court, we affirm the trial court's judgment.

I.

Appellant and appellee married in January 2005. It is undisputed that, before the marriage, appellant owned real property in Farmersville, Texas as her separate property. A few months after the marriage, appellant attempted to refinance the Farmersville property. When appellant was unable to complete the transaction on her own, appellee agreed to sign the note. Appellant acknowledged

executing a deed that granted appellee an undivided one-half interest in the Farmersville property as part of the refinancing transaction. The deed was recorded in the property records of Collin County. Appellant testified, however, that she did not understand appellee was getting an interest in the Farmersville property as part of the refinancing transaction and that she would not have refinanced had she known he was going to receive an interest in the property. She also denied giving him an interest in the property.

During the marriage, the parties purchased real property in Merit, Texas on which they operated an organic farming business. Appellee apparently used some cash from the sale of his separate real property to close the purchase of this property. The couple lived, however, on the Farmersville property during the marriage. Appellant filed for divorce in May 2010.

On June 18, 2010, the parties appeared for a hearing. At that time, appellant's attorney represented that although the parties had reached a Rule 11 agreement, it had not yet been signed. The trial court then heard evidence on temporary spousal support and attorney's fees. The trial court ordered appellee to pay appellant $250 per week for 90 days, but denied her request for attorney's fees. Later that day, the parties signed the Rule 11 agreement. Among other things, the Rule 11 agreement provided that the Farmersville house and property be listed for sale with a licensed realtor mutually agreed upon by the parties. In August of 2010, appellant moved to set aside the Rule 11 agreement. Appellee filed a motion to compel compliance with the Rule 11 agreement. After a hearing on December 10, 2010, the trial court denied appellant's motion to set aside the Rule 11 agreement, granted appellee's motion to compel compliance with the agreement, and ordered the matter to proceed to trial.

The case was tried before the court without a jury in February 2011. After hearing the evidence, the trial court signed a final divorce decree that included an order for sale of the

Farmersville property. The trial court awarded appellant sixty-five percent of the net proceeds of that sale and appellee the remaining thirty-five percent. The trial court also ordered the sale of the Merit property, awarded appellee $11,760.44 as reimbursement for his separate property contributions to the property, and awarded each party fifty percent of the net sale proceeds. The trial court further awarded appellee all retirement accounts, employee pensions, annuities, and variable annuity life insurance benefits held in his name.

The trial court filed findings of fact and conclusions of law. Notably, the trial court found that although appellant acquired and owned the Farmersville property before the marriage as her separate property, she knowingly and intentionally conveyed to appellee an undivided one-half interest in the property as a gift during the marriage. The trial court further found that appellee accepted the conveyance of the interest in the Farmersville property and that the deed evidencing the conveyance was recorded in the real property records of Collin County. Additionally, the trial court found that appellant benefitted in conveying an undivided one-half interest in the Farmersville property to appellee by being able to refinance the mortgage on the property and substantially lower the monthly payment. Noting the Farmersville property was the separate property of both parties, the trial court further found the only remedy available to the court was to order its sale "thereby converting the property from undivided separate real property to cash to be divided as the separate property of the parties pursuant to the formula set forth in the decree."

The trial court also made fact findings relating to the parties' Rule 11 agreement including: (1) the parties voluntarily entered into the agreement to sell the Farmersville property and intended the agreement to be irrevocable; (2) the agreement was enforceable as a contract and this issue was tried by consent; and (3) the trial court would have ordered the sale of the Farmersville property regardless of the existence or enforceability of the Rule 11 agreement.

Relevant to appellee's retirement account, the trial court found that although community contributions were made to his retirement fund with the Dallas County Community College District, appellee withdrew at least $51,977 from his retirement funds to support the lifestyle of the parties and improve the Merit property. The trial court further found that this withdrawal amount far exceeded the amount of community contributions to the retirement fund and that applying the community-out-first presumption, there were no community funds remaining in appellee's retirement account. Moreover, to the extent any community funds remained in appellee's retirement fund, appellee should receive one hundred percent of such funds as a just and right division of the community estate. Additionally, the trial court found: (1) appellee's retirement account on the date of marriage was valued at $688,913; (2) the retirement account was worth $703,396 on the date of divorce; (3) the account increased in value $14,483 during the marriage; (4) the total value of the community contribution withheld from the paychecks of appellee and applied to the retirement account during the marriage was about $25,000; and (5) the total value of the community contribution remaining in the retirement account was zero due to the withdrawal of more than $95,997 of appellee's retirement savings during the marriage.

Appellant timely appealed and, in eight issues, generally argues that the trial court abused its discretion in: (1) ordering the sale of real property that was her separate property; (2) ordering that the proceeds from the sale be used to pay general community creditors; (3) undervaluing appellee's retirement account and awarding him the retirement account's entire community interest; and (4) awarding appellee a reimbursement claim in favor of his separate estate for a down payment on real property purchased by the parties during the marriage.

II.

We begin our analysis with appellant's challenges to the trial court's characterization and

-4-

disposition of the Farmersville property. Appellant contends that the Farmersville property was her separate property entirely, that appellee had no interest in it, and the trial court erred by ordering the property sold. When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence. *See* TEX. FAM. CODE ANN. § 3.003(b) (West 2006) (degree of proof necessary to establish separate property is "clear and convincing"). If a characterization error is established, we determine whether the error caused the trial court to abuse its discretion. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). In conducting our analysis, we give due consideration to evidence that the finder of fact could have reasonably found to be clear and convincing and then determine whether, based on the entire record, a fact finder could form a firm conviction or belief that the fact was proven. *Id.* There is no abuse of discretion if there is some substantive and probative evidence to support the finding. *Id.* A deed for property from one spouse as grantor to the other spouse as grantee creates a presumption that the grantee spouse received the property as separate property by gift. *Id.* The presumption may be rebutted by proof the deed was procured by fraud, accident, or mistake. *Id.* at 912–13.

The facts and issue before us are very similar to those in *Magness*. *See id.* Appellant contends the Farmersville property was her separate property but does not dispute that she signed a deed transferring an undivided one-half interest in the Farmersville property to appellee. The deed, with her signature, was admitted as an exhibit at trial. However, appellant testified that she did not understand appellee was getting an interest in the Farmersville property as part of the refinancing transaction and that she would not have refinanced had she known he was going to receive an interest in the property. She also denied giving him an interest in the property. As fact finder, however, the trial court was free to disbelieve any or all of appellant's testimony and conclude that

appellant failed to the rebut the gift presumption. *Id.* at 913. Based on the record before us, the trial court did not abuse its discretion in awarding appellee an undivided one-half interest in the Farmersville property. *See id.* at 913. We resolve appellant's fifth issue against her.

Having concluded that the trial court did not err in finding each party owned an undivided one-half interest in the Farmersville property, we now turn to appellant's contention that the trial court erred in ordering the sale of the property. In her second issue, appellant claims that because she revoked her consent to the Rule 11 agreement, and she did not otherwise agree or consent, the trial court was without authority to order the sale. Appellant argues specifically that even if each party owns a one-half separate property interest in the Farmersville property, the trial court could not order its sale because the community had no interest in the property. To preserve a complaint for appeal, the record must show the complaint was made with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a). In the trial court, appellant complained about the order for sale of the Farmersville property asserting it was entirely her separate property. She did not challenge the order for sale on the grounds she now raises on appeal. Accordingly, she has not preserved this issue for appellate review. *See id.*

Even if we assume the issue was properly preserved below, we are not persuaded that appellant has shown any reversible error in connection with her complaint. In support of her position, appellant cites *Cameron v. Cameron*, 641 S.W.2d 210 (Tex. 1982); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex. 1977); *Mogford v. Mogford*, 616 S.W.2d 936 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.); and *Germani v. Gerami*, 666 S.W.2d 241 (Tex. App.—Houston [14[th] Dist.] 1984, no writ). After reviewing the cases cited, we conclude they do not support appellant's position. *Mogford* stands for the proposition that an order of sale of property in which the appellant held a one-half separate property interest and the community held a one-half interest did not divest

appellant of title but merely changed the form of his separate property from realty to personalty. *Id.* at 945. *Gerami*, unlike here, involved the order or sale of a homestead that was husband's property in which the wife did not own any interest whatsoever. *Id.* at 241–242. Similarly, *Eggemeyer* and *Cameron* are inapposite in that both of these cases address the unconstitutionality of the trial court's action in divesting a spouse of his or her separate property and transferring title to the other spouse. *See Eggemeyer*, 554 S.W.2d at 138 (separate real property); *Cameron*, 641 S.W2d at 213–220 (separate personal property).

The issue before us is whether the trial court can order the sale of property in which each spouse owns an undivided one-half interest. The trial court found that the mortgage was solely in appellee's name, that appellant was unable to qualify to assume the note or refinance the note in her own name, and had insufficient income to pay the mortgage, taxes, and insurance on the Farmersville property. To the extent appellant argues that the sale was improper because the community has no interest in the property, appellant has cited no legal authority for her position. Although a partitioning of separate property is not part of a divorce proceeding, it can be done concurrently with the divorce proceeding. *See Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App.—Texarkana 1990, no writ) (in divorce action where parties held property as joint owners, it was appropriate for trial court to apply partition principles and ultimately order the sale of the property and a division of the proceeds). Because appellant has failed to show the trial court abused its discretion in ordering the sale of the Farmersville property based on each party's ownership of an undivided one-half interest in the property, we need not address appellant's first, third, and fourth issues in which she challenges the Rule 11 agreement, the trial court's alternative basis for its order for sale.

In her sixth issue, appellant contends that the trial court abused its discretion in ordering unsecured general community liabilities be paid out of the proceeds of the sale of her separate

property interest in the Farmersville property. The divorce decree provided that the Farmersville property be sold and the net sales proceeds (defined in the decree as the gross sales price less costs of sale and full payment of any mortgage indebtedness or liens on the property) be distributed first to certain unpaid community debts and then sixty-five percent to appellant and thirty-five percent to appellee.

In three paragraphs, appellant summarily argues with no analysis that Texas law prohibits a court from divesting a spouse of title by awarding it to the other spouse; that a lien cannot be placed on separate property to secure the just and right division of the community estate; and the proceeds from the sale of a homestead may not be used to pay unsecured creditors. As noted above, we have already concluded that the trial court did not divest appellant of her title to the Farmersville property. Likewise, appellant has cited to no place in the record where the trial court placed a lien on her separate property. Finally, our review of the record indicates that the issue of whether the Farmersville property was appellant's homestead was not raised or established at trial and that the trial court made no finding with respect to whether the property was appellant's homestead. *See* *McIntyre v. McIntyre*, 722 S.W.2d 533, 538 (Tex. App.–San Antonio 1986, no writ) (party must assert and prove existence of homestead exemption). At best, the record indicates that she was currently living on the property and had been since 1987. Based on the record and the trial court findings, we cannot conclude the Farmersville property was appellant's homestead. Accordingly, her homestead objection to unsecured community liabilities being paid from the Farmersville sale proceeds is not well-taken. We resolve appellant's sixth issue against her.

In her seventh issue, appellant complains that the trial court erred in awarding appellee the

entire community contribution to his retirement account.[1] Under this issue, appellant asserts that there was insufficient evidence to support the trial court's finding that the community interest in the account was $14,484 and argues that the community interest in the account was actually $50,000. In support of her position, appellant cites appellee's trial testimony that the approximate value of his retirement as of the date of the marriage was about "650 --- something like that."

Appellant also challenges the factual sufficiency of the evidence supporting the following trial court findings: (1) applying the community-out-first presumption, the only funds remaining in the account were appellee's separate property; (2) appellee's withdrawals from his retirement funds during the marriage far exceeded the amount of community contributions; and (3) to the extent any community funds remain in his retirement funds, appellee should be awarded one hundred percent of those funds as a just and right division of the community estate. Appellant asserts that the account in question was a defined contribution account from which appellee could not make any withdrawals until he retired.

In a divorce proceeding, trial courts are afforded broad discretion in dividing the community estate and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *See Mandell v. Mandell*, 310 S.W.3d 531, 538–39 (Tex. App.—Fort Worth 2010, pet. denied). We may reverse the trial court's division of marital property only if, after reviewing the record, it is clear that the trial court's decision is an abuse of discretion or is manifestly unjust and unfair. *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 607–08 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Appellee's financial statement dated May 2005 was admitted into evidence and showed various investment assets totaling $688,913. Appellee testified that although he

---

[1] Although appellant directs her challenge to a specific retirement account, the evidence reveals that appellee had several retirement savings or investment accounts. Although some accounts were depleted at the time of trial, the trial court found the value of appellee's retirement account on the date of trial was $703,396. The trial court appears to have valued appellee's retirement funds in various accounts collectively rather than separately.

accumulated roughly $5000 per year in retirement contributions during the marriage, he had taken about twice that or more to pay towards the Merit property. In its findings of fact, the trial court found that appellee withdrew at least $51,977 from his retirement funds to support the parties' lifestyle and improve the Merit property.[2] Additionally, the trial court found that appellant sold community assets (a flat bed trailer and horse trailer) worth $13,800 without the consent of appellee or permission from the court. The trial court further found that there were insufficient community proceeds to satisfy all community debts and that it would have ordered the proceeds from the flat bed trailer and horse trailer to be applied toward community debts. Because appellant does not challenge these findings, they are binding unless the contrary is established as a matter of law or there is no evidence to support the finding. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).[3]

Even if we assume the community interest in appellee's retirement account was $50,000, based on the record before us appellant has not established the trial court abused its discretion in its division of community assets.[4] As noted above, the trial court found appellee withdrew over $51,997 from his retirement funds to support the parties' lifestyle and make improvements to the Merit property. Appellant has cited no authority that would prohibit the trial court from taking this evidence into consideration in dividing any existing community interest in appellee's remaining retirement funds. Because appellant has not established the trial court abused its discretion in its division of the marital property, we resolve appellant's seventh issue against her.

---

[2] This amount was changed from the trial court's original finding that appellee withdrew $95,977 from his retirement funds during the marriage.

[3] Although appellant argues that appellee was not entitled to reimbursement of retirement funds used to support the lifestyles of the parties, we do not view the trial court's division of the community interest of appellee's retirement fund as a reimbursement. Moreover, neither the trial court nor appellant identify what amount of the $51,977 was used solely to support the lifestyles of the parties.

[4] Under issue seven, appellant has a single sentence asserting the trial court abused its discretion in failing to grant her motion for new trial based on appellee's testimony at the hearing for the motion for new trial. Because appellant has failed to provide any legal authority or analysis with respect to this issue, she has waived it on appeal. *See* TEX. R. APP. P. 38.1(i).

Appellant's brief also contains an issue asserting the trial court abused its discretion in awarding appellee $11,760.44 as a reimbursement claim. At oral argument, appellant's counsel abandoned this issue. Accordingly, we do not address it.

We affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

110648F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KAY MOTLEY, Appellant

No. 05-11-00648-CV      V.

THOMAS D. MOTLEY, Appellee

Appeal from the 429th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 429-52578-2010).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Thomas D. Motley recover his costs of this appeal from appellant Kay Motley.

Judgment entered December 13, 2012.

JOSEPH B. MORRIS
JUSTICE