

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00523-CV

Leonardo **SAENZ**,
Appellant

v.

Julia **SAENZ**,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 21-02-00035CVF
Honorable Russell Wilson, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: September 14, 2022

AFFIRMED

This is an appeal from a final divorce decree that terminated appellant Leonardo Saenz's marriage to appellee Julia Saenz.  Leonardo argues the trial court abused its discretion by: (1) mischaracterizing a tract of land as community property and ordering it to be sold; and (2) denying his request for a continuance.  We affirm the trial court's judgment.

### BACKGROUND

Leonardo and Julia Saenz married in 2014.  On February 25, 2021, Leonardo filed an original petition for divorce.  Julia answered and on June 2, 2021, Leonardo's counsel, Kathleen

Roberts, filed a motion to withdraw, which the trial court granted. On June 4, 2021, Leonardo's new counsel, Jean Brown filed his notice of appearance. On June 15, 2021, the trial court entered an "Agreed Docket Control Plan," which set the case for trial on August 19, 2021. On June 30, 2021, Leonardo's new counsel, Jean Brown, filed a motion to withdraw, which the trial court granted. On July 28, 2021, attorney Olga Brown filed a notice of appearance on behalf of Leonardo. On July 30, 2021, Leonardo filed a motion for continuance seeking new deadlines in the Docket Control Plan. Brown contended that she needed more time to prepare for the deadlines that Leonardo's previous counsel agreed to in the Docket Control Plan.

The case proceeded to trial on August 19, 2021. At trial, the court denied Leonardo's motion for continuance. Neither Leonardo nor his counsel appeared and only Julia testified. At the conclusion of trial, the court granted the divorce and entered a final decree of divorce. In the decree, the trial court found that Julia was entitled to a default judgment. The trial court found that 50% of a tract of land in Frio County ("the Tract") was Julia's separate property and the other 50% was Leonardo's separate property. The court also ordered Julia and Leonardo to immediately execute documentation with a real estate broker to sell the Tract and characterized it as "marital real property."

Leonardo filed a "Motion to Set Aside Default Judgment and New Trial," asserting that the trial court improperly ordered a sale of the Tract. Leonardo also asserted that he was not present at trial because he filed a motion for continuance and because other events in the Docket Control Order did not occur. The motion was denied by operation of law and Leonardo subsequently appealed.

### MOTION FOR CONTINUANCE

In his second issue, Leonardo contends the trial court abused its discretion by denying his motion for continuance. The denial of a continuance motion is reviewed under an abuse of

discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Pang v. De Santis*, No. 04-08-00092-CV, 2008 WL 5170443, at *2 (Tex. App.—San Antonio Dec. 10, 2008, no pet.) (mem. op.).

Texas Rule of Civil Procedure 251 provides: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. If a continuance motion does not comply with Rule 251, we will presume the trial court did not abuse its discretion in denying the motion. *Pang*, 2008 WL 5170443, at *2. "The denial of a motion for continuance based on lack of time to prepare for trial will not be found an abuse of discretion." *White v. Hansen*, No. 05-99-00657-CV, 2000 WL 1137285, at *2 (Tex. App.—Dallas Aug. 11, 2000, no pet.) (not designated for publication).

We hold the trial court did not abuse its discretion in denying the motion for continuance. *See Dick v. Dick*, No. 04-08-00936-CV, 2010 WL 1491644, at *2 (Tex. App.—San Antonio Apr. 14, 2010, no pet.) (mem. op.). The motion for continuance did not comply with Rule 251 because it was not "supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251; *see Pang*, 2008 WL 5170443, at *2. There is no evidence in the record that the motion was set for hearing and neither Leonardo nor his attorney appeared for trial on August 19. *Cf. Bench Co. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 909 (Tex. App.—Dallas 2004, no pet.) (appellant's failure to request a hearing and failure to obtain a ruling on its motion for continuance resulted in waiver of any error relating to the trial court's failure to continue the summary judgment hearing).

Leonardo's only explanation in the motion was his counsel needed more time to prepare because his previous attorney agreed to the deadlines in the Docket Control Order. However, as the trial court noted, Leonardo had multiple attorneys throughout the case. Further, "[t]he denial of a motion for continuance based on lack of time to prepare for trial will not be found an abuse of discretion." *White*, 2000 WL 1137285, at *2.

Therefore, we hold the trial court did not abuse its discretion by denying Leonardo's motion for continuance. *See Dick*, 2010 WL 1491644, at *2 (holding trial court did not abuse its discretion in denying a motion for continuance of the final hearing on appellant's post-divorce division of property and debts claim because appellant's attorney's only explanation in the motion was that he suffered an elbow injury and tendinitis diagnosis; the motion was never set for hearing; and neither appellant nor her counsel appeared at the hearing). We overrule Leonardo's second issue.[1]

## DIVISION OF MARITAL PROPERTY

In his first issue, Leonardo contends the trial court mischaracterized the Tract and improperly ordered it to be sold.

### A. Standard of Review and Applicable Law

In a non-jury trial, when no findings of fact or conclusions of law are requested or filed, as is the case here, we imply all necessary findings in support of the trial court's judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *City of Brownsville v. Teran*, 907 S.W.2d 593, 595 (Tex. App.—Corpus Christi 1995, no writ). When a reporter's record is included in the record, the implied findings may be challenged for legal and factual sufficiency the same as

---

[1] Leonardo relies on *Garza v. Serrato*, 699 S.W.2d 275, 280 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) when contending that the trial court abused its discretion by denying his motion for continuance. However, this case is inapposite because there, the reasons listed in the motion, which were uncontroverted facts established by affidavit, demonstrated that appellants had no effective means to secure a medical witness for trial and to prepare a rebuttal to new claims over the weekend. *Id.* at 280–81. Here, Leonardo's only reason for requesting a continuance was that he received new counsel who generally wanted more time to prepare.

jury findings or a trial court's findings of fact. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

In family law cases, however, the abuse of discretion standard overlaps with the traditional sufficiency of evidence standard of review; as such, legal and factual sufficiency are not independent grounds of reversible error, but instead "constitute factors relevant to our assessment of whether the trial court abused its discretion." *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied) (citation omitted). To determine whether the trial court abused its discretion because legally or factually sufficient evidence does not support its decision, we must answer two questions: (1) whether the trial court had sufficient evidence upon which to exercise its discretion, and (2) whether the trial court erred in applying its discretion. *Id.* The sufficiency of evidence review "comes into play with regard to the first question." *Id.* We must then determine whether, based on the evidence presented at trial, the trial court made a reasonable decision. *In re Marriage of Durham*, No. 10-19-00199-CV, 2021 WL 837348, at *3 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.). To uphold the trial court's determination, we must conclude that the decision was neither arbitrary nor unreasonable. *Moroch*, 174 S.W.3d at 857.

In a divorce proceeding, the Family Code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001; *Durham*, 2021 WL 837348, at *3. When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence. *See* TEX. FAM. CODE ANN. § 3.003(b); *Smith v. Smith*, 22 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2000, no pet.). If a characterization error is established, we determine whether the error caused the trial court to abuse its discretion. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). In conducting our analysis, we give due consideration to evidence that

the finder of fact could have reasonably found to be clear and convincing and then determine whether, based on the entire record, a fact finder could form a firm conviction or belief that the fact was proven. *Id.* There is no abuse of discretion if there is some substantive and probative evidence to support the finding. *Id.*

### B. *Analysis*

Leonardo argues the trial court improperly characterized the Tract as community property. However, in the divorce decree, the trial court found that the Tract was both Leonardo's and Julia's separate property, with each spouse owning a 50% interest in the Tract. The trial court also ordered Julia and Leonardo to immediately execute documentation with a real estate broker to sell the Tract and characterized it as "marital real property." Because the trial court found the Tract to be the separate property—and not community property—of both Julia and Leonardo, we construe Leonardo's challenge on appeal to be a challenge to the sufficiency of the evidence to support the trial court's finding that each spouse had a 50% interest in the Tract and to order the sale of the Tract. *See Motley v. Motley*, 390 S.W.3d 689, 694 (Tex. App.—Dallas 2012, no pet.). We hold that there was sufficient evidence to support these findings and to order the sale.

At trial, Julia testified that the parties' house and the Tract were the major assets owned by the couple during their marriage. No evidence was introduced providing otherwise. Leonardo had the burden to dispute Julia's contention of joint ownership and present clear and convincing evidence to establish that the Tract was entirely his separate property. *See* TEX. FAM. CODE ANN. § 3.003; *Smith*, 22 S.W.3d at 144. However, Leonardo and his counsel did not appear at trial to present any evidence to show that the Tract was entirely Leonardo's separate property. The first time Leonardo attempted to present evidence to challenge the Tract's ownership was in his Motion to Set Aside Default Judgment and Motion for New Trial. The motion was denied by operation

of law, and Leonardo does not challenge the denial of the motion on appeal.[2] Therefore, the trial court had sufficient evidence to conclude that both spouses owned the Tract. *See Durham*, 2021 WL 837348, at *3 (appellate court "determine[s] whether, based on the evidence presented at trial, the trial court made a reasonable decision.").

Finally, to the extent Leonardo is challenging the trial court's decision to order the sale of the Tract after concluding that each spouse owned 50% of the Tract, we hold the trial court had discretion to order the sale. "Although a partitioning of separate property is not part of a divorce proceeding, it can be done concurrently with the divorce proceeding." *Motley*, 390 S.W.3d at 694; *see Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App.—Texarkana 1990, no writ) (in divorce action where parties held property as joint owners, it was appropriate for trial court to apply partition principles and ultimately order the sale of the property and a division of the proceeds). Therefore, we hold that the trial court had sufficient evidence upon which to exercise its discretion. *See Moroch*, 174 S.W.3d at 857. Accordingly, we overrule Leonardo's first issue.

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

---

[2] To the extent Leonardo is challenging the trial court's denial of his Motion to Set Aside Default Judgment and Motion for New Trial when he contends that the trial court "did not permit [him] to re-open evidence in a new trial," Leonardo has failed to properly brief the issue and, thus, has waived his complaint. *See* TEX. R. APP. P. 38.1(i). Leonardo does not provide the standards for a challenge to a motion for new trial or motion to set aside a default judgment or cite to legal authority relating to it. *See Alanis v. Wells Fargo Bank Nat'l Assn*, 616 S.W.3d 1, 10 (Tex. App.—San Antonio 2020, pet. denied); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint."). Therefore, we do not consider whether the trial court erred in denying Leonardo's Motion to Set Aside Default Judgment and Motion for New Trial.